# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1689

_____

| | | |
|---|---|---|
| Tyrone G. Parker, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Mike Kemna, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 14, 2001

Filed: August 10, 2001

_____

Before LOKEN and BYE, Circuit Judges, and STROM,[1] District Judge.

_____

BYE, Circuit Judge.

Tyrone Parker was convicted of second degree murder and armed criminal action in Missouri. After pursuing post-conviction relief in the Missouri courts, he sought a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. One ground on which he sought relief was ineffective assistance of counsel due to his attorney's

_____

[1]The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

failure to impeach a key witness with prior inconsistent statements. The district court[2] denied relief, but granted a certificate of appealability on the ineffective assistance claim. Parker now appeals this issue. We affirm.

I

A jury convicted Parker of second degree murder and armed criminal action for driving the car from which shots were fired. One of those shots struck and killed eleven-month-old Gregory Bolton, Jr. while his grandmother held him. Parker received a life sentence for the murder and 25 years for armed criminal action. Parker's co-defendant, Chris Frasure, was convicted in a separate trial for shooting the child.

At trial, Earl Wells, a neighbor, identified Parker as the driver of the car. On cross-examination, Parker's counsel did not impeach Wells with several prior inconsistent statements he made on two separate occasions. These statements pertained to (1) whether he specifically recognized the driver of the car; (2) where he was when the shots were fired; (3) where he was when he saw the car; (4) the length of time between his two sightings of the car; and (5) whether he spoke to Parker and Frasure as they drove by.

The state post-conviction court and the state court of appeals both found that Parker's counsel was not ineffective. The courts viewed his failure to impeach as reasonable trial strategy. On habeas review, the district court found that impeaching Wells's testimony would have supported Parker's theory of the case. However, the district court agreed with the state courts that Parker could not show prejudice resulting

_____

[2]The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri.

from his counsel's ineffective assistance, because the rest of the evidence against him was strong enough to convince a jury to convict him.

II

After the district court ruled on Parker's petition, the Supreme Court issued its decision in Williams v. Taylor, 529 U.S. 362, 412-13 (2000), in which it outlined the standard of review that federal courts must apply when reviewing state court habeas decisions:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to. . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of. . . clearly established Federal law, as determined by the Supreme Court of the United States." . . . Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. Therefore, we must determine whether the state courts reasonably applied the correct legal principles, as gleaned from Supreme Court decisions, to the facts of Parker's case.

The Supreme Court set forth a two-part test to analyze ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient and that he was prejudiced by that deficient performance." Amrine v. Bowersox, 238 F.3d 1023, 1030 (8th Cir. 2001) (citing Strickland, 466 U.S. at 687). "Counsel's representation was deficient if it 'fell below an objective standard of reasonableness,' and the petitioner was prejudiced by this deficiency if 'there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Flieger v. Delo, 16 F.3d 878, 886 (8th Cir. 1994). Both the state post-conviction court and the state court of appeals properly identified the Strickland test as the governing Supreme Court principle to be applied.

Both state courts determined that Parker's counsel was not deficient in his representation of Parker. Even if we assume that that determination was unreasonable, we nevertheless affirm the district court because Parker has not shown prejudice stemming from his counsel's allegedly deficient representation. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695. In this case, the state courts determined that there was sufficient evidence of Parker's guilt that, even if Wells's testimony had been discredited, a reasonable jury would still have convicted Parker. Further, the state appellate court noted that the inconsistencies were not such that would completely destroy Wells's credibility and render his testimony worthless. We find that this is not an unreasonable application of Strickland. We therefore affirm the decision of the district court.

III

Parker also argues that the district court should have held an evidentiary hearing on his ineffective assistance claim. He provides no support for his argument.

Parker does not make any effort to satisfy the requirements of 28 U.S.C. § 2254(e)(2), which governs the availability of an evidentiary hearing. Parker merely argues that the district court made several factual assumptions that are not supported by the trial transcript. Parker failed to pursue these factual issues in the state courts, and does not provide any excuse for his failure. Because Parker did not meet the

requirements of § 2254(e)(2), the district court properly did not hold an evidentiary hearing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.